■ In the Matter of the Claim of JOHN RICE-TRUJILLO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1977, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding that claimant was not eligible for benefits under the Federal Special Unemployment Assistance Program, effective December 15, 1975, because claimant did not have at least 20 weeks of covered employment in his base period. During his base period claimant was employed at United Nations Headquarters in New York City as a translator by the Secretariat of the United Nations. It is this employment with which we are concerned. In order to be eligible for Federal Special Unemployment Assistance (SUA) (US Code, tit 26, § 3304) benefits the individual must meet the qualifying employment and wage requirements of the applicable State unemployment compensation law in the base period, and for purposes of meeting these requirements employment and wages which are not covered by the State law shall be treated as though they were covered (US Code, tit 26, § 3304; Special Unemployment Assistance Program, § 203, subd [a], par [1], [US Code (1976 ed), p 892]). The pertinent Federal regulations define employment "not covered" as services

performed for another as an employee within a State or outside of the States, except in Canada, for an American employer (20 CFR 619 [2] [j]). Therefore, if claimant performed services as an employee within New York State, the services would not have to have been performed for an American employer. The board found that services rendered to the United Nations were excluded from the definition of employment and, consequently, concluded that claimant's work for the United Nations must be discounted in determining whether he had a sufficient number of weeks of covered employment. Based on this exclusion of claimant's United Nations employment, the board determined that claimant had an insufficient number of weeks of covered employment to establish a valid claim. Accordingly, claimant was ruled ineligible for SUA benefits. The issue, in our view, narrows to whether or not the United Nations headquarters, located in New York City, is within New York State so as to render claimant's work there "employment" within the meaning of section 203 (subd [a], par [1]). The decision of the board is apparently based on the view that the United Nations is outside the United States. We find nothing in the applicable regulations nor in the evidence presented to the board to support such a conclusion. The United Nations is geographically located within New York State and, in our opinion, there is no substantial evidence in the record to demonstrate that Congress intended to exclude services performed there from the definition of employment within the meaning of section 203 (subd [a], par [1]). Consequently, we conclude that the board erred in discounting claimant's employment with the United Nations in determining his total number of weeks of covered employment in his base period. The board's decision, therefore, must be reversed. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.